UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MUNISH KUMAR,

Petitioner,

v.

RAUL MALDONADO, JR., *in his official capacity as Warden of the Metropolitan Detention Center*; JUDITH ALMODOVAR, *in her official capacity as Field Office Director, New York City Field Office, U.S. Immigration and Customs Enforcement*; DAVID VENTURELLA, *in his official capacity as Senior Official Performing the Duties of Director, U.S. Immigration and Customs Enforcement*; TODD BLANCHE, *in his official capacity as Attorney General of the United States*; MARKWAYNE MULLIN, *in his official capacity as Secretary of Homeland Security*,

Respondents.

**ORDER CONVERTING TEMPORARY RESTRAINING ORDER TO PRELIMINARY INJUNCTION**
26-CV-5326 (NRM)

**NINA R. MORRISON**, United States District Judge:

Petitioner Munish Kumar is a 33-year-old Indian citizen who entered the United States on December 24, 2022. On May 13, 2026, he was arrested by Immigration and Customs Enforcement ("ICE") and has remained in ICE custody ever since. He was originally transferred to an ICE detention facility in Newark, New Jersey, and filed an emergency petition for writ of habeas corpus on May 15, 2026, in the United States District Court for the District of New Jersey. *See Kumar v. Soto*, No. 26-CV-5602 (RK) (D.N.J. May 15, 2026), ECF No. 1. The New Jersey court dismissed his petition, after Petitioner was denied bond, during a hearing that placed

the burden on him to show that he was entitled to release.

On August 28, 2026, while detained at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, Petitioner filed the instant Emergency Petition for Writ of Habeas Corpus (the "Petition"), ECF No. 1, by and through counsel. The Court issued an Order to Show Cause ("OTSC"), directing Respondents to file an initial submission providing, *inter alia*, the statutory provision under which they assert the authority to detain Petitioner, and any basis to distinguish the asserted grounds for detention from this Court's decision in *H.A.C.F. v. Francis*, No. 26-CV-00872 (NRM), 2026 WL 482607 (E.D.N.Y. Feb. 20, 2026), *amended on reconsideration in part*, No. 26-CV-00872 (NRM), 2026 WL 861152 (E.D.N.Y. Mar. 30, 2026).

Respondents timely filed an initial response on August 31, 2026, arguing that Petitioner's detention was lawful because he had received a bond hearing and invoking the "abuse-of-the-writ" doctrine. *See generally* ECF No. 6. Respondents nevertheless conceded that they could not establish that Petitioner received an individualized custody determination prior to detention. *Id.* at 2. And while Respondents noted their continued disagreement with this Court's holding in *H.A.C.F.*, they acknowledged that Petitioner's case was not distinguishable from that decision and would likely be controlled by *H.A.C.F.* were the Court to adhere to it here. *Id.*

Petitioner responded on August 31, 2026, challenging Respondents' abuse-of-the-writ arguments and reiterating the Petition's claims for relief stemming from his warrantless arrest and detention without adequate pre-deprivation process. *See* ECF

No. 7. Petitioner asked the Court to treat these positions as uncontested by Respondents' OTSC response. *See id.*

On September 3, 2026, the Court issued a Temporary Restraining Order ("TRO") directing Respondents to release Petitioner from custody and enjoining Respondents from re-detaining Petitioner pending the Court's further consideration of the merits of the Petition. ECF No. 8 at 14–15. The Court also directed Respondents to supplement their OTSC response — addressing the remaining issues that had been set forth in the OTSC — and to file further briefing regarding the merits of the Petition. *See id.* at 15.

The same day, on September 3, 2026, Respondents filed a letter confirming Petitioner's release; reiterating the fact that no individualized custody determination was conducted for Petitioner prior to his detention; and asserting that "Petitioner cannot be awarded any other habeas relief," due to his release from ICE custody. ECF No. 9.

## <u>DISCUSSION</u>

"The standards for granting a TRO are the same as those governing preliminary injunctions." *Byrthen v. City of New York*, No. 26-CV-02221 (RER) (PCG), 2026 WL 2666845, at *1 (E.D.N.Y. Sep. 10, 2026) (citing *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992)). As explained in the Court's TRO, and as further confirmed by Respondents' supplemental letter to the Court on September 3, 2026, Petitioner has sufficiently demonstrated that he is likely to succeed on the merits of his claim that

his detention was unlawful, and that he will be irreparably harmed in the absence of continued preliminary injunctive relief. *See* ECF No. 8 at 6–13.

In light of the current status of this matter, the present record, the applicable law, and Respondents' representation that this case is indistinguishable from this Court's reasoning in *H.A.C.F.*, the terms of the TRO are hereby converted into a preliminary injunction while the Court considers the merits of the petition, including, but not limited to, considering the merits of Respondents' claim that the underlying Petition is moot. In so doing, the Court incorporates by reference and reaffirms the initial findings and analysis regarding Petitioner's likelihood of success on the merits and showing of irreparable harm if he is not granted preliminary injunctive relief as set forth in the Court's September 3, 2026 temporary restraining order. *See Kumar v. Maldonado Jr.*, No. 26-CV-5326 (NRM), 2026 WL 2606756 (E.D.N.Y. Sep. 3, 2026).

It is hereby:

**ORDERED**, that Respondents are **ENJOINED** from re-detaining Petitioner, absent prior authorization of this Court, while the Court considers the merits of the underlying Petition.

**SO ORDERED.**

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: September 18, 2026
Brooklyn, New York